864 F.2d 150
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
JOSEPH BECKS & ASSOCIATES, INC., Appellant,
v.
The UNITED STATES, Appellee.
 No. 88-1288.
 United States Court of Appeals, Federal Circuit.
 Nov. 29, 1988.
 
 Before MAYER, Circuit Judge, NICHOLS, Senior Circuit Judge, and MICHEL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Armed Services Board of Contract Appeals, 88-1 B.C.A. (CCH) p 20,428 (1987), holding Becks liable for $603,629.09 in damages to government property is affirmed.
 
 OPINION
 
 2
 The general rule under the Permits and Responsibilities clause is that the contractor bears responsibility for all contract work until it is completed and accepted by the government. Al Johnson Constr. Co. v. United States, 854 F.2d 467, 470 (Fed.Cir.1988). Becks' attempt to escape responsibility by alleging that the fire was started by faulty 3/8" conductors that the government specified, is unpersuasive. Whether the government or Becks specified the conductors is disputed, but the Board found that while the nature of the fire was "probably" electrical, the exact cause could not be pinpointed. 88-1 B.C.A. (CCH) p 20,428, at 103,326. There is substantial evidence to support this conclusion which binds us. So the Permits and Responsibilities clause assigned responsibility to Becks.
 
 
 3
 Becks' other argument, that certain expenses were not "work in progress," and could not be charged against it unless there was negligence which the Board did not find, is similarly unavailing. All of the challenged expenses were incidental to the completion of the contract. Even in the absence of the Permits and Responsibilities clause, contractors are required to undertake whatever emergency repairs and cleanup are necessary to complete the work they contracted to do. See, e.g., Carman v. United States, 166 F.Supp. 759, 762 (Ct.Cl.1958). The clause confirms that Becks was required to restore the area under its control at its own expense.
 
 
 4
 NICHOLS, Senior Circuit Judge, dissenting.
 
 
 5
 The board's findings we must accept if supported by substantial evidence. It was unable to determine the cause of the fire and so could not blame it on defective electrical specifications. By the same token, it could also not place blame on Becks, the contractor, for any fault or negligence.
 
 
 6
 The "Permits and Responsibilities" clause assesses on the contractor responsibility "for all damages to person or property that occur as a result of the Contractor's fault or negligence." That was a case the board did not find to have arisen as it found no relevant fault or negligence. In other cases, including this one as the board agreed, even without fault or negligence the contractor was "responsible for all material delivered and work performed until completion and acceptance of the entire work." The board purported to apply this.
 
 
 7
 Presumably when the contractor is without fault or negligence its liability is not to be so great, but how much it is reduced may be a matter of controversy. Since the clause is ambiguous, it ought to be construed favorably to the contractor on the double grounds that the other party drafted it and that, broadly construed, it imposes a liability without fault. United States v. Seckinger, 397 U.S. 203 (1970).
 
 
 8
 Construing the clause favorably to the contractor, it appears to me to mean by the words "materials delivered and work performed" materials delivered and work performed by the contractor or his suppliers or subcontractors. This is what remains his property until completion and acceptance: loss of it is the casualty he might be expected to insure against. If materials are delivered or work performed by others, not his suppliers or subcontractors, why should he insure it? Why should he pay for replacement if it is lost without his fault?
 
 
 9
 The board allowed some items the contracting officer had assessed against the contractor and disallowed others, purporting to apply the "Permits and Responsibilities" clause. Those it allowed were:
 
 
 10
 1. Fire damage to Building 262 $565,312.00
3. Overtime payments for emergency repair personnel 8,130.71
 4. Emergency custodial cleanup 15,819.48
 5. Carpet cleaning 2,966.86
 6. Ceiling cleaning 3,330.00
 12. Materials for emergency repairs 8,070.04
 Disallowed items were:
 2. Payroll costs for employees sent home early $66,270.41
 7. Cost of damage estimate 6,930.00
 8. Wall construction costs to relocate employees 2,326.00
9. Corridor construction costs to relocate employees 11,561.00
10. Security construction costs to relocate employees 8,250.00
 11. Relocation of entrance control system 5,582.00
 
 
 11
 The lists of allowed and disallowed items would, on their faces, seem to reflect notions of proximate cause, or direct versus consequential damages. I cannot place the lists in any kind of relationship to the actual contract clause the board purported to construe. If the contractor was not negligent, it should not be placed in the role of indemnitor without a clear agreement to that effect. Seckinger, supra. Carman v. United States, 166 F.Supp. 759, 143 Ct.Cl. 747 (1958), does not enlighten me, because it was a case where the contractor had to redo its own contract work to restore work it had previously done but was undone by flood damage. I would therefore remand the case to the board for further findings explaining the relationship of the two lists to the "Permits and Responsibilities" clause.
 
 
 12
 The main thrust of Becks' argument here was assessment of liability for defective specifications under a Spearin-type warranty. United States v. Spearin, 248 U.S. 132 (1918); Lopez v. A.C. & S., Inc., 858 F.2d 712 (Fed.Cir.1988). I agree with the board and this panel, there was nothing in that.